IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEKEYSHA SANDERS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-846-D |
| ) | |
| EXPRESS EMPLOYMENT ) | |
| SERVICES; OKLAHOMA ) | |
| TEMPORARY SERVICES; and ) | |
| EXPRESS EMPLOYMENT ) | |
| PROFESSIONALS, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Defendants' Motion to Compel Arbitration, or in the Alternative, to Dismiss for Insufficient Service of Process and Failure to State a Claim [Doc. No. 11]. Defendants move pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, for an order enforcing an arbitration agreement between Plaintiff and Defendant Oklahoma Temporary Services,[1] and staying this action pending the completion of the required arbitration proceeding.

Defendants contend that the arbitration agreement covers all claims asserted by Plaintiff and requires that those claims be resolved through binding arbitration. Plaintiff's response does not address the arbitration agreement, but instead focuses on Defendants'

---

[1] Oklahoma Temporary Services operates under the name Express Employment Professionals. *See* Decl. of Jenny McElroy [Doc. No. 11-1] at 2. Neither entity does business as Express Employment Services. *Id.*

arguments surrounding the alleged insufficient service of process and failure to state a claim.

Under the Federal Arbitration Act, a court must stay litigation involving claims subject to arbitration pursuant to a written agreement of the parties if the applicant for a stay is not in default in proceeding with arbitration. *See* 9 U.S.C. § 3. Upon consideration of Defendants' motion, Plaintiff's response, and the terms of the arbitration agreement, Defendants' Motion to Compel Arbitration is **GRANTED.**

**IT IS THEREFORE ORDERED** that Defendants shall initiate the arbitration process within twenty-one (21) days of the issuance of this Order. This action is **STAYED** during the pendency of the arbitration proceeding. Defendants shall provide prompt notice to the Court at the conclusion of the arbitration. The Court further concludes that this action should be administratively closed until either party appropriately moves to reopen this action.

**IT IS FURTHER ORDERED** that Exhibits 2, 3, 5, 6, 7, 11, 12, 13, 14, 15, 16, 23, 24, 25, 26, and 27 of Plaintiff's response [Doc. No. 12] be placed under seal.

**IT IS SO ORDERED** this 2nd day of December, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge